UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ALF HYSTAD,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

Case No. C17-1702 RAJ

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff, James Alf Hystad, seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in determining his residual functional capacity. Dkt. 11. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

Plaintiff is currently 52 years old, has at least a high school education, and has worked as a driver. Tr. 36. Plaintiff applied for benefits in May 2014, alleging disability as of April 2014. Tr. 175, 21. Plaintiff's applications were denied initially and on reconsideration. Tr. 84, 97. After the ALJ conducted a hearing on March 3, 2016, the ALJ issued a decision finding plaintiff not disabled. Tr. 21-38.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 4, 2014.

**Step two:** Plaintiff has the following severe impairments: undifferentiated connective tissue disease, Sprengel's deformity, right hip degenerative joint disease, status post lumbar microdiscectomy, status post right rotator cuff surgery, and status post left clavicular surgery.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, sitting for seven hours, and either standing two hours and walking three hours or standing while shifting foot to foot for five hours. He can frequently reach, handle, and finger. He can perform unskilled, repetitive, routine tasks and will be off task up to 14 percent of the time while meeting production requirements. He must have no exposure to temperature extremes, high humidity, wetness, cigarette smoke, solvents and cleaners, fumes or gases, dust, and chemicals.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

Tr. 23-38. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

**I.     Standard of Review**

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## II.     Residual Functional Capacity

Plaintiff contends the ALJ erred in formulating plaintiff's residual functional capacity (RFC). He argues the ALJ erred in finding that plaintiff could either stand two hours and walk three hours or shift from foot to foot for five hours, and in finding that plaintiff would be off task up to 14% of the time. Plaintiff contends that, for both of these elements of the RFC, the ALJ's determination was not based on evidence of plaintiff's impairments, but rather was guided by the content of the vocational expert's testimony. Dkt. 11 at 3-4. The Commissioner argues that the ALJ reasonably translated and incorporated all credible limitations in the RFC finding. Dkt. 14 at 5.

The RFC is the most a claimant can do on a sustained basis considering his limitations or restrictions. *See* SSR 96-8p, 1996 WL 374184 at *2, 4 (July 2, 1996). To formulate an RFC, an ALJ must identify a claimant's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545; SSR 96-8p at *3. The ALJ

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining his RFC. 20 C.F.R. § 404.1545(e); SSR 96-8p at *5. An ALJ must assess all the evidence including a claimant's testimony and medical reports to determine what capacity a claimant has for work despite his impairments. 20 C.F.R. § 404.1545(a). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR 96-8p at *7.

Here, the ALJ formulated plaintiff's RFC to include the limitations that (1) plaintiff "will be off-task at work up to 14 percent of the time but still capable of meeting production requirements" and (2) plaintiff is "capable of … either standing for two hours and walking for three hours out of an eight-hour workday or standing while shifting from one foot to another for a total of five hours in an eight-hour workday." Tr. 28. However, the ALJ failed to provide an explanation or cite to record evidence to specifically support either of these findings.

### A. Off Task

Only one medical opinion directly addresses the likely amount of time plaintiff would be off task due to his symptoms and limitations.[4] The ALJ accorded "some weight" to the opinion of treating physician John Yuen, M.D., that plaintiff would be off task for 10 percent of a typical workday but found that plaintiff would be "even more limited" because of the side effects of long-term pain medication use. Tr. 35 (citing Tr. 567). This explanation accounts for why the level found in the RFC is more than 10 percent, but the ALJ gave no explanation for how he

---

[4] State agency doctors opined that plaintiff would be "[m]oderately limited" in his "ability to maintain attention and concentration for extended periods" but did not specify a percentage of off task time. Tr. 93, 108.

reached the 14 percent figure.

Without a specific explanation as to the record evidence supporting the finding that plaintiff would be off task 14 percent of the time, the finding appears result-oriented. *See* Tr. 80-81 (vocational expert testimony regarding toleration of off task time, noting an employee would be subject to termination above 14 percent); *see also* Case No. 3:15-cv-05935, Dkt. No. 19 at 10 (W.D. Wash. Aug. 24, 2016) (requiring ALJ to reevaluate off-task finding that appeared "results-oriented"). A claimant's RFC is to be formulated based on the limiting effects of plaintiff's impairments, evaluating all evidence to determine a claimant's capacity for work. 20 C.F.R. § 404.1545(e); SSR 96-8p. The ALJ's RFC determination lacks adequate explanation to show that it is supported by substantial evidence in the record and is free of legal error. Accordingly, the Court finds that the 14 percent off task RFC finding should be reevaluated on remand. *Trevizo*, 871 F.3d at 674.

**B.     Standing/Walking**

The ALJ rejected all medical opinions related to plaintiff's abilities to stand and walk. State agency nonexamining doctors opined that plaintiff could "[s]tand and/or walk" for six hours per day. Tr. 92, 106. The ALJ rejected this limitation as insufficiently restrictive, because the opinions were given before plaintiff's right hip injury was aggravated in March 2015. Tr. 33-34. After March 2015, Dr. Yuen opined that plaintiff could "[s]tand/walk" for less than two hours per day and another medical source opined that plaintiff could not work at all due to "his significant pain and dysfunction." Tr. 565, 584. The ALJ rejected these opinions as overly restrictive because plaintiff was consistently "able to ambulate with full weight bearing without loss of balance or coordination…." Tr. 34, 35.

Having rejected all relevant medical opinions, as well as plaintiff's testimony and lay

witness statements, the ALJ gave no explanation for how he formulated the standing/walking limitations in plaintiff's RFC. The fact that plaintiff is able to walk does not explain how *long* he is able to walk or stand; nor does it explain how shifting from foot to foot extends plaintiff's ability to stand from two hours to five hours.

As with the off task limitation, without a specific explanation supporting the standing/walking limitation, the RFC formulation appears result-oriented. *See* Tr. 72-73 (vocational expert testimony regarding need to stand for at least four hours for light jobs). The ALJ's RFC determination lacks adequate explanation to show that it is supported by substantial evidence in the record and is free of legal error. Accordingly, the Court finds that the RFC stand/walk determination should be reevaluated on remand. *Trevizo*, 871 F.3d at 674.

**III.  Scope of Remand**

Plaintiff requests the Court remand the case for further administrative proceedings. Dkt. 9 at 16. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Here, the Court finds that the record, as it stands, does not compel a finding of disability. This case is remarkable for the dearth of medical opinions. Aside from nonexamining state

agency consultant opinions, the record contains only one formal opinion, from treating physician Dr. Yuen, and one treatment note containing one sentence opining that plaintiff is not able to work. Tr. 89-94, 103-109, 563-68, 584-86. Enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should develop the record as appropriate, reassess the RFC, and proceed to step five as necessary.

DATED this 28th day of August, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge